IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MICKEY L. DRAUGHON,

        Petitioner,

    v.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,

        Respondent.

CASE NO. 2:17-CV-00020
JUDGE ALGENON L. MARBLEY
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

On January 31, 2017, the Magistrate Judge issued an *Order and Report and Recommendation* pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts recommending that this action be transferred to the United States Court of Appeals for the Sixth Circuit as a successive petition and denying Petitioner's *Motion for Temporary Restraining Order*. (ECF No. 4.) Petitioner has filed an *Objection* to the Magistrate Judge's *Order and Report and Recommendation*. (ECF No. 6.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection* (ECF No. 6) is **OVERRULED**. The *Order and Report and Recommendation* (ECF No. 4) is **ADOPTED** and **AFFIRMED.** This action is **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as a successive petition.

Petitioner's *Motion for Temporary Restraining Order* (ECF No. 2) is **DENIED**.

Petitioner objects to the Magistrate Judge's recommendation that this action be transferred to the Sixth Circuit as successive. Petitioner again argues that this case does not constitute a second or successive petition, because he raises claims relating to the Ohio Supreme Court's decision in *State v. Smith*, 104 Ohio St.3d 106 (Ohio 2004), as applied to his conviction

as a sexually violent predator. Petitioner again asserts that he could not previously have raised such issue because the Ohio Supreme Court did not issue its decision in *Smith* until December 8, 2004, after this Court's final judgment of dismissal of his prior federal habeas corpus petition. Petitioner argues that his claim regarding the denial of effective assistance of counsel and related claims should not be construed as successive because the Court previously dismissed such claims as procedurally defaulted.

For the reasons discussed in the Magistrate Judge's Order and Report and Recommendation, these arguments are not persuasive. Where the Court dismisses the prior habeas corpus petition based on a procedural default, "the dismissal qualifies as a decision 'on the merits'" and the petitioner must obtain authorization from the Court of Appeals pursuant to 2244(b)(3) prior to filing a subsequent federal habeas application. *Smith v. Warden, Lebanon Corr. Instit.*, No. 1:16-cv-998, 2016 WL 6790800, at *2 (S.D. Ohio Oct. 27, 2016) (citations omitted). Further, "courts have uniformly concluded that claims based on a subsequent change in the law. . . require authorization from the circuit courts before they may be raised in a second federal habeas petition." *Keeling v. Warden, Lebanon Corr. Inst.,* Case No. 1:08-cv-231 (S.D. Ohio Aug. 24, 2016), *Report and Recommendation* (ECF No. 45) PageID# 440.

Therefore, for these reasons, and for the reasons addressed in the Magistrate Judge's *Order and Report and Recommendation*, Petitioner's *Objection* (ECF No. 6) is **OVERRULED**. The *Order and Report and Recommendation* (ECF No. 4) is **ADOPTED** and **AFFIRMED.** This action is **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as a successive petition.

Petitioner's *Motion for Temporary Restraining Order* (ECF No. 2) is **DENIED**.

**IT IS SO ORDERED.**

    **s/Algenon L. Marbley**
ALGENON L. MARBLEY
United States District Judge