# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**MICKEY L. DRAUGHON,**

    **Petitioner,**

    v.

**WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,**

    **Respondent.**

**CASE NO. 2:17-CV-0020
JUDGE ALGENON L. MARBLEY
Magistrate Judge Elizabeth Preston Deavers**

## OPINION AND ORDER

Petitioner, an Ohio prisoner, sought a writ of habeas corpus pursuant to 28 U.S. C. § 2254. ECF No. 1. In his petition, Petitioner challenges his October 9, 1997, conviction for aggravated burglary, robbery, rape with specifications, and kidnapping. *Id*. On February 17, 2017, this Court issued an Opinion and Order transferring this action to the United States Court of Appeals for the Sixth Circuit ("the Transfer Order") because the petition was successive within the meaning of 28 U.S.C. § 2244(b). ECF No. 7.

## I.

Upon transfer, this case was docketed in the Court of Appeals under case number 17-3520. ECF No. 15. On June 13, 2017, Petitioner filed a corrected motion with the Court of Appeals under that case number seeking an order authorizing this Court to consider a second or successive petition. *In re: Mickie Draughon*, Case No. 17-3510, Docket Sheet. On December 21, 2017, the Court of Appeals denied that motion, finding that Petitioner had failed to meet the requirements of § 2244(b)(2)(A) and (B). ECF No. 17. On February 12, 2018, Petitioner filed a motion in this Court pursuant to Rule 60(b) of the Federal Rules of Civil Procedure ("Rule

60(b)") asserting that his petition is not successive ("Motion for Relief from the Successive Petition Determination"). ECF No. 18.

Petitioner's Motion for Relief from the Successive Petition Determination, ECF No. 18, is **DENIED**. The law–of–the–case doctrine provides that "'a decision made by a court at one stage of a case should be given effect in successive steps of the same litigation.'" *Keith v. Bobby*, 618 F.3d 594, 599 (6th Cir. 2010) (quoting *United States v. Todd*, 920 F.2d 399, 403 (6th Cir. 1990). This doctrine renders a determination by a court of appeals binding upon a district court in subsequent stages of the same litigation, and thus generally bars district courts from reconsidering issues that courts of appeals have explicitly or impliedly resolved. *Id*. (citing *United States v. Haynes*, 468 F.3d 422, 426 (6th Cir. 2006). In this case, when the Court of Appeals denied Petitioner permission to file a successive petition on December 21, 2017, it also impliedly determined that the proposed petition was successive. ECF No. 17. That determination is binding upon this Court. *See United States v. Wilson*, 469 Fed. App'x 439, 440 (6th Cir. 2012) (citing *Keith*, 618 F.3d at 600–01) (finding that after the Court of Appeals denied petitioner permission to file a successive petition, the law-of-the-case doctrine barred district court from reconsidering the successive petition issue).

**II**.

On March 27, 2017, approximately one month after the case had already been transferred to the Court of Appeals, Petitioner filed a motion in this Court pursuant to Rule 60(b) asserting that his petition was not successive and asking this Court for relief from this Court's Transfer Order ("Motion for Relief from the Transfer Order"). ECF No. 8. On May 23, 2017, this Court issued an Order denying Petitioner's Motion for Relief from the Transfer Order ("the May 23, 2017, Order"). ECF No. 9. Petitioner then filed a Notice of Appeal directed at the May 23,

2017, Order, ECF No. 10; requested a certificate of appealability for the May 23, 2017, Order, ECF No. 12; and sought leave to proceed *in forma pauperis on appeal*, ECF No. 14.

The Notice of Appeal for the May 23, 2017, Order was docketed in the Court of Appeals under Case Number 17-360. On July 17, 2017, the Court of Appeals considered whether that Notice of Appeal was taken from a final appealable order and determined that this Court lost jurisdiction over this action when it was transferred to the Court of Appeals as a successive petition. ECF No. 15 (citing *Jackson v. Sloan*, 800 F. 3d 260, 261 (6th Cir. 2015)). Accordingly, the Court of Appeals vacated this Court's May 23, 2017, Order and remanded the case with instructions to deny Petitioner's Motion for Relief from the Transfer Order. *Id*.

In accordance with the Court of Appeals' instructions, the Court **DENIES** Petitioner's Motion for Relief from the Transfer Order. ECF No. 8. In addition, the Court **DENIES AS MOOT** Petitioner's related filings— the request for a certificate of appealability for the May 23, 2017, Order, ECF No. 12, and the application to proceed in forma pauperis on appeal, ECF No. 14. The Court further **DIRECTS** the Clerk to **VACATE** this Court's June 26, 2017 Order, ECF No. 13, which was also **MOOTED** when the Court of Appeals vacated the May 23, 2017, Order.

**III.**

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court **DECLINES** to issue a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A) and Federal Rule of Civil Procedure 22(b) provide that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a COA is issued either by a circuit court or district court judge. To obtain a certificate of appealability, a petitioner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that

reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893, n.4 (1983)).

The Sixth Circuit has held that a habeas petitioner is required to obtain a certificate of appealability before he can appeal the denial of a Rule 60(b) motion for relief from judgment which seeks to challenge a judgment in a habeas case. *United States v. Hardin,* 481 F. 3d 924, 926 (6th Cir. 2007). In habeas cases which involve a district court's denial of a Rule 60(b) motion for relief from judgment on procedural grounds without reaching the merits of any constitutional claims, a petitioner should be granted a certificate of appealability only if he or she is able to make both a substantial showing that he or she had a valid claim of the denial of a constitutional right, and a substantial showing that the procedural ruling by the district court is wrong. *See Hardin,* 481 F. 3d at 926, n.1.

This Court is not persuaded that Petitioner has made a substantial showing of the denial of a constitutional right or that this Court's procedural rulings are incorrect. Reasonable jurists could not debate that this Court is unable to revisit the successive petition issue— the Court of Appeals impliedly determined that the petition is successive, and that determination is binding upon this Court under the law-of-the-case doctrine. Nor could reasonable jurists debate that the Court of Appeals mooted several of Petitioner's motions when it vacated this Court's May 23, 2017, Order. Accordingly, the Court declines to issue a COA.

**IT IS SO ORDERED**.

Date: March 2, 2018    /s/ *Algenon L. Marbley*
                       **ALGENON L. MARBLEY**
                       **UNITED STATES DISTRICT JUDGE**